UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:14-cr-00152 |
| v. | **OPINION** |
| SEAN FORMAN | |

Appearances:

ANDREW D'AVERSA
OFFICE OF THE UNITED STATES ATTORNEY - DISTRICT OF NEW JERSEY
970 BROAD ST., 4TH FLOOR
NEWARK, N.J. 07102

MOLLY SELZER LORBER
OFFICE OF THE UNITED STATES ATTORNEY - DISTRICT OF NEW JERSEY
401 MARKET ST., 4TH FLOOR
Camden, N.J. 08102

   *On behalf of the United States of America*

JOSHUA ALTMAN
BENEDICT & ALTMAN
247 LIVINGSTON AVE.
NEW BRUNSWICK, N.J. 08901

   *On behalf of Defendant Sean Forman*

**HILLMAN**, District Judge

   Pending before the Court is Defendant Sean Forman's motion to terminate supervised release. (ECF 259). For the reasons expressed below, the motion will be denied.[1]

---

[1] The pending motion was also filed, in an apparent docketing error by Forman's counsel, on behalf of co-defendants Robert Smith and Derrick Adams. The pending motion and supporting

**I. Background**

On November 20, 2015, a two-count superseding information was returned against Forman charging him with conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) (Count 1) and conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count 2). (ECF 81). Forman entered a guilty plea that same day, (ECF 84), and on February 17, 2017, this court sentenced him to a term of imprisonment of ninety-six months for each count, to run concurrently, (ECF 155). The Court also imposed a term of supervised release to begin upon Forman's release from imprisonment, three years for Count 1 and five years for Count 2, to run concurrently. (Id.) Forman's term of supervised release began on November 24, 2020. (ECF 233).

Forman filed the pending motion to terminate the remainder of his supervised release on December 26, 2023. (ECF 259). The United States filed its opposition on January 16, 2024. (ECF 263).

**II. Standard**

"[A]fter considering the factors set forth in section

---

materials refer only to Forman and this Opinion and accompanying Order only addresses those claims brought on behalf of Forman. The Clerk will be directed to the terminate the motions filed on the sub-dockets for Defendants Smith and Adams as filed in error.

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," a court may terminate a term of supervised release at any point following the completion of one year of supervised release  18 U.S.C. § 3583(e)(1).  Upon consideration of the section 3553 factors, a "court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice."  United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).

"It is the defendant's burden to show that they qualify for early termination."  United States v. Beauvil, No. 19-00180, 2024 WL 86422, at *2 (D.N.J. Jan. 8, 2024) (citing United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989)).  Though a defendant need not demonstrate new or unforeseen circumstances to justify release, the Third Circuit has found that "'[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Melvin, 978 F.3d at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018)).  This is "because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release."  Id.  (citation omitted) (quoting 18 U.S.C.

3

§ 3553(a)).

District courts exercise considerable discretion in considering motions for early termination of supervised release. See id. at 52 (noting that a court's denial of a motion for early termination is reviewed for abuse of discretion, which "can occur if [a district court] fails to apply the proper legal standard" (alteration in original) (quoting United States v. Tomko, 562 F.3d 558, 565 (3d Cir. 2009))); see also United States v. Sheppard, 17 F.4th 449, 454 (3d Cir. 2021) (same). Furthermore, courts need not make specific findings of fact as to each section 3553 factor, a statement indicating that the court considered the factors suffices. Sheppard, 17 F.4th at 455; Melvin, 978 F.3d at 52-53.

## III. Analysis

Forman premises his request on the strides he has made during his three years of supervised release, including residing with family, taking care of two of his children, securing gainful employment, and avoiding criminal activity. (ECF 259-2 at 3). He concedes that the nature and circumstances of his offenses do not support termination under section 3553 but asserts that early termination is nonetheless appropriate given his efforts to separate himself from his prior criminal behavior. (Id.). He contends that early termination would assist in his ability to be a productive member of society.

4

(Id. at 3-4).

The United States counters that the severity of, and risk of violence associated with, Forman's underlying offenses weigh against early termination, and that a reduction of his sentence – which was itself many months below the guideline range – is unwarranted.  (ECF 263 at 5-6).  The Court agrees.

In reaching its conclusion, the Court has considered the section 3553 factors, which include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

Melvin, 978 F.3d at 52 (quoting Davies, 746 F. App'x at 88-89).

Important to the Court are the severity of Forman's offenses and the appropriateness of his original sentence. Forman concedes that nature and circumstances of his offenses weigh against relief.  (ECF 259-2 at 3).  Forman pled guilty to two serious conspiracy offenses and acknowledged in the stipulated statement attached to his plea agreement that the

5

subject of the underlying conspiracy was a quantity of cocaine believed by him to be at least five kilograms and that he and his co-conspirators armed themselves in furtherance of the conspiracy.  (ECF 84 at 8-9).[2]  The Court therefore independently concludes that the nature and circumstances of Forman's offenses serve as factors against early termination.  See United States v. Wright, No. 12-93, 2023 WL 3504828, at *2 (W.D. Pa. May 17, 2023) (concluding that the defendant's conviction of a serious drug-trafficking offense and subsequent plea agreement supported enforcement of the full term of supervised release).

The Court further notes that it adopted at sentencing Probation's calculation of an offense level of 31 and a criminal history category of III, (Sent. Hr'g Tr. at 27:13-15), which resulted in a guideline range of 135 to 168 months, see U.S.S.G. ch. 5, pt. A.  The Court nonetheless imposed a ninety-six-month sentence, which it determined was appropriate upon considerations including Forman's role in the operation, his prior success under court supervision, and the circumstances of his prior convictions, (Sent. Hr'g Tr. at 54:8-24), which was

---

[2] The Court, at sentencing, concluded that the record did not support a quantity of cocaine less than fifteen kilograms and considered in its sentencing that Forman's arrest was the product of a sting operation.  (Sent. Hr'g Tr. at 12:14-16; 48:5-21).

6

below the United States's request for a 120-month term, (id. at 35:20 to 36:6), itself discounted from the guideline range.

The Court concludes that early termination of supervised release would be inconsistent with section 3553's consideration of applicable sentence ranges and avoidance of sentence disparities. See United States v. Freehauf, No. 15-116, 2023 WL 279247, at *2 (D.N.J. Jan. 18, 2023 ("[L]eniency with respect to imprisonment does not . . . equate to a finding that further supervision is not necessary."); United States v. Anderson, No. 08-412, 2022 WL 2531533, at *1 (W.D. Pa. July 7, 2022) (concluding that sections 3553(a)(4), pertaining to the kinds of sentences and sentencing range applicable for the defendant and committed offense, and 3553(a)(6), pertaining to unwarranted sentence disparities among those with similar records who have been found guilty of similar conduct, weighed against termination of a significant portion of the defendant's term of supervised release). Furthermore, the Court recognized at sentencing a high risk of recidivism, (Sent. Hr'g Tr. at 53:15-19), and finds now that early termination would reduce the deterrent effect intended by the imposition of Forman' sentence. See United States v. Tiller, No. 14-699, 2022 WL 1184793, at *2 (D.N.J. Apr. 20, 2022) (relying, in part, on deterrence and public safety in denying a motion for early termination).

None of the Court's preceding analysis is intended to

minimize the commendable efforts Forman has taken in finding work, looking after his children, and other efforts at rehabilitation. In fact, such efforts – in the Court's view – "represent[] supervised release functioning as intended." Freehauf, 2023 WL 279247, at *2. The Court cannot, however, conclude that the steps he has taken to be a productive member of society and avoid criminal activity[3] are alone sufficient for the Court to find that termination of the remainder of his term serves the interest of justice. See United States v. Hernandez,

---

[3] The United States's brief references Forman's September 2022 positive drug test as an instance of noncompliance with the conditions of his supervision. (ECF 263 at 3 n.3). The report from United States Probation stated that a urine sample provided by Forman tested positive for marijuana and Forman admitted to an isolated instance of use. (ECF 233). The Court did not take further action, as recommended by Probation. (Id.) The Court does not place great weight on this isolated violation, because – even if Forman was in perfect compliance with the conditions of his supervision – such compliance would not itself justify early termination. See United States v. Williams, No. 2:16-00255, 2021 WL 4523680, at *2 (D.N.J. Oct. 4, 2021) ("Defendant's compliance with all conditions of his release, including refraining from drug use or engaging in criminal conduct, is commendable; however, compliance with the conditions of his supervision is precisely what is expected of him."). That having been said, use of a drug prohibited under federal law during supervision supports denial of this motion. The possession and distribution of marijuana is still a federal offense. The Court specifically ordered drug testing and treatment as special conditions of Forman's supervised release due to his specific circumstances. (Sent. Hr'g Tr. at 54:25 to 55:4; 57:21 to 58:1). Reasonable persons may debate whether that legislative decision is appropriate given reforms at the state level. What should not be the subject of reasonable discussion is the obligation of a Defendant on supervised release to take seriously each of their Court-ordered obligations while under supervision.

No. 06-569-5, 2023 WL 5758996, at *1 (D.N.J. Sept. 5, 2023) (finding that compliance with the conditions of supervision did not support early termination and the defendant did not meet his burden of persuasion based on his own general representation that he had been rehabilitated absent any corroboration such as letters from employers, family, friends, or others);[4] Wright, 2023 WL 3504828, at *2 (noting that those on supervised release are expected to comply with the conditions of their supervision and "compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases"); Williams, 2021 WL 4523680, at *2 (recognizing the defendant's efforts to maintain employment and care for his family, but noting that it was not argued that the conditions of his supervision hindered his ability to meet familial or professional obligations).

## IV. Conclusion

For the reasons stated above, Forman's motion to terminate supervised release, (ECF 259), will be denied. An Order consistent with this Opinion will be entered.

Date: January 29, 2024                         s/ Noel L. Hillman
At Camden, New Jersey                          NOEL L. HILLMAN, U.S.D.J.

---

[4] Forman's brief is accompanied by receipts evidencing child-support payments and earning statements evidencing employment. (ECF 259-3 at 11-16). The Court has considered this supporting evidence in its decision.